1  CENTER FOR DISABILITY ACCESS
   RAY BALLISTER, JR. (SBN 111282)
2  MARK POTTER, ESQ., (SBN 166317)
   PHYL GRACE, ESQ. (SBN 166317)
3  DENNIS PRICE, (SBN 279082)
   Mail: PO Box 262490
4  San Diego, CA 92196-2490
   Delivery: 9845 Erma Road, Suite 300
5  San Diego, CA 92131
   Telephone: (858) 375-7385
6  Facsimile: (858) 422-5191
   phylg@potterhenady.com
7
   Attorneys for Plaintiff,
8  SCOTT JOHNSON

9  KROGH & DECKER, LLP
   SHAWN M. KROGH (SBN 227116)
10 shawnkrogh@kroghdecker.com
   Sean M. Stowers
11 seanstowers@kroghdecker.com
   555 Capitol Mall, Suite 700
12 Sacramento, California 95814
   Telephone: 916.498.9000
13 Facsimile: 916.498.9005

14 Attorneys for Defendants CAMDEN BOND, LLC
   and ALL CLEAR POOL & SPA, INC
15

16              UNITED STATES DISTRICT COURT

17          FOR THE EASTERN DISTRICT OF CALIFORNIA

18 SCOTT JOHNSON,                    )  Case No.: 2:16-CV-00022-JAM-CKD
                                     )
19           Plaintiffs,             )  **STIPULATED PROTECTIVE ORDER**
                                     )
20     vs.                           )  Judge:          Hon. John A. Mendez
                                     )  Action Filed:   January 5, 2016
21 CAMDEN BOND, LLC, a California Limited )  Trial Date:     August 28, 2017
   Liability Company, ALL CLEAR POOL & )
22 SPA, INC., a California Corporation, and DOES )
   1 through 10,                     )
23                                   )
                                     )
24           Defendants.             )
                                     )
25 _____ )

26 / / /

27 / / /

28 / / /

                        1

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.1     <u>Good Cause Statement:</u>  The parties may produce, in this ADA access lawsuit alleging architectural barriers at the subject property, architectural plans, construction records, medical records, financial information  and other confidential or private materials. The parties therefore seek this protective order to safeguard Plaintiff's privacy, and to ensure the confidentiality of Defendant's business and financial records which, if disclosed, would confer an unfair advantage on Defendants' competitors.

**2.     DEFINITIONS**

2.1     <u>Challenging Party:</u>  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items:</u>  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>Counsel:</u>  Outside Counsel of Record and House Counsel (as well as their support staff).

/ / /

2.4 <u>Designating Party:</u>  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 <u>Disclosure or Discovery Material:</u>  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert:</u>  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>House Counsel:</u>  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party:</u>  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record:</u>  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party:</u>  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and House Counsel and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party:</u>  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors:</u>  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material:</u>  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

/ / /

2.14   <u>Receiving Party:</u>  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u>  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. The Designating Party must designate for

4

protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2 <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b)  for testimony given in deposition, that the Designating Party identify within 20 days of receipt of the certified deposition transcript all protected testimony.

(c)  for testimony given in any pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the hearing or other proceeding all protected testimony.

(d)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container

5

1  or containers in which the information or item is stored the legend "CONFIDENTIAL."

2       5.3   <u>Inadvertent Failures to Designate.</u>  If timely corrected upon discovery, an

3  inadvertent failure to designate qualified information or items does not, standing alone, waive the

4  Designating Party's right to secure protection under this Order for such material.  Upon timely

5  correction of a designation, the Receiving Party must make reasonable efforts to assure that the

6  material is treated in accordance with the provisions of this Order.

7       **6.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8       6.1   <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of

9  confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

10  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

11  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

12  challenge a confidentiality designation by electing not to mount a challenge promptly after the

13  original designation is disclosed.

14       6.2   <u>Meet and Confer.</u>  The Challenging Party shall initiate the dispute resolution

15  process by providing written notice of each designation it is challenging and describing the basis

16  for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

17  notice must recite that the challenge to confidentiality is being made in accordance with this

18  specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

19  good faith and must begin the process by conferring directly (in voice to voice dialogue; other

20  forms of communication are not sufficient) within 14 days of the date of service of notice.  In

21  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

22  designation was not proper and must give the Designating Party an opportunity to review the

23  designated material, to reconsider the circumstances, and, if no change in designation is offered,

24  to explain the basis for the chosen designation.  A Challenging Party may proceed to the next

25  stage of the challenge process only if it has engaged in this meet and confer process first or

26  establishes that the Designating Party is unwilling to participate in the meet and confer process in

27  a timely manner.

28  / / /

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve, upon a showing of good cause, a motion to remove confidentiality within 21 days of the parties engaging in the meet and confer process. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Challenging Party to make such a motion including the required declaration within 21 days shall automatically waive the right to challenge such designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

/ / /

7

1       (c)  experts (as defined in this Order) of the Receiving Party to whom disclosure is

2  reasonably necessary for this litigation and who have signed the "Acknowledgment and

3  Agreement to Be Bound" (Exhibit A);

4       (d)  the court and its personnel;

5       (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

6  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

7  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8       (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

9  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

10  unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

11  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

12  bound by the court reporter and may not be disclosed to anyone except as permitted under this

13  Stipulated Protective Order.

14       (g)  an individual who authored or has personal knowledge of the information and who

15  has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

16  **8.**     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

17         **IN OTHER LITIGATION**

18       If a Party is served with a subpoena or a court order issued in other litigation that compels

19  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

20  must:

21       (a)  promptly notify in writing the Designating Party.  Such notification shall include a

22  copy of the subpoena or court order;

23       (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

24  other litigation that some or all of the material covered by the subpoena or order is subject to this

25  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

26       (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

27  Designating Party whose Protected Material may be affected.

28  / / /

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession

9

1    or control that is subject to the confidentiality agreement with the Non-Party before a

2    determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

3    burden and expense of seeking protection in this court of its Protected Material.

4    **10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

5         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

6    Material to any person or in any circumstance not authorized under this Stipulated Protective

7    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

8    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

9    Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

10   made of all the terms of this Order, and (d) request such person or persons to execute the

11   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12   **11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

13   **         PROTECTED MATERIAL**

14        When a Producing Party gives notice to Receiving Parties that certain inadvertently

15   produced material is subject to a claim of privilege or other protection, the obligations of the

16   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) including that

17   the Receiving Party (1) must promptly return, sequester or destroy the specified information and

18   any copies it has; (2) must not use or disclose the information until the claim is resolved; and

19   (3) must take reasonable steps to retrieve the information it the Receiving Party disclosed it

20   before being notified.

21   **12.     MISCELLANEOUS**

22        12.1    <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to

23   seek its modification by the court in the future.

24        12.2    <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective

25   Order no Party waives any right it otherwise would have to object to disclosing or producing any

26   information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

27   no Party waives any right to object on any ground to use in evidence of any of the material

28   covered by this Protective Order.

10

12.3   <u>Filing Protected Material.</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.1. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141(e)(1) is denied by the court, then the Receiving Party may file the information in the public record, unless otherwise instructed by the court.

## 13.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

/ / /

11

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED:       January 5, 2017                    CENTER FOR DISABILITY ACCESS

4                                          By:   /s/ Sara Gunderson
                                                 SARA GUNDERSON, ESQ.
5                                                Attorney for Plaintiff

6

7                                                KROGH & DECKER, LLP
8    DATED:       January 3, 2017

9                                          By:   /s/ Sean M. Stowers
10                                               SEAN M. STOWERS
                                                 Attorney for Defendants CAMDEN BOND,
11                                               LLC and ALL CLEAR POOL & SPA, INC.

12

13   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

14

15   Dated:  January 11, 2017

16                                         _____
                                           CAROLYN K. DELANEY
17                                         UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

12

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Eastern District of California on [date] in the case of *SCOTT JOHNSON v. CAMDEN BOND,*

*LLC and ALL CLEAR POOL & SPA, INC.*, Case No. 2:16-CV-00022-GEB-CKD.  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____